IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TEDDIE B. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:12-CV-111 |
| | ) |
| INDY CITY OF, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on a complaint and *in forma pauperis* petition filed by Teddie B. Jones, a *pro se* plaintiff, on April 4, 2012 (DE ##1, 2).  For the reasons set forth below, the Court **DENIES** the *in forma pauperis* petition (DE #2) and **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

BACKGROUND

Giving the complaint liberal construction, Jones alleges that Officer Richard Stoner of the Fort Wayne Police Department used excessive force against him during an incident that occurred after Jones was stabbed by another man in his home.  According to the complaint, this incident occurred on October 2, 1990.  Jones claims that Officer Stoner not only beat him for no reason but also threatened to "get" him if he ever returned to his home.  (DE #1 at 2.)  He alleges that Officer Stoner's actions caused him to suffer a series of misfortunes, including becoming homeless and developing

a mental illness.[1] (*Id.*)

DISCUSSION

Under the federal *in forma pauperis* statute, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). Here, Jones asserts that he lives alone and receives approximately $730 per month in disability payments. Based on this income information, it appears he is financially eligible for *in forma pauperis* status. *See* ANNUAL UPDATE OF THE HHS POVERTY GUIDELINES, 77 FED. REG. 4035 (Jan. 26, 2012).

The inquiry does not end there, however. The court has an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *See*

---

[1] Jones attached documentation indicating that he was previously hospitalized for a mental illness which caused "severe paranoid ideation." (DE 1 # 21.)

*Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Furthermore, in evaluating whether a complaint is frivolous for purposes of the *in forma pauperis* statute, the court need not "accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32-33. Instead, the statute "accords judges not only the authority to dismiss a claim based on an undisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 325. This includes allegations that are "fantastic" or "delusional." *Id.* at 328.

Here, Jones has not alleged any plausible basis for believing that a police officer would beat the victim of a violent crime for no apparent reason and then threaten to kill him if he ever returned to his home. Nevertheless, assuming Jones's allegations

3

state a plausible claim for excessive force or some other Fourth Amendment violation, the claims are time-barred. Fourth Amendment claims accrue at the time of the violation, *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008), and in Indiana such claims must be brought within two years of when they accrue. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Although timeliness is an affirmative defense, dismissal at the pleading stage is appropriate if the defense is apparent from the complaint itself. *See Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002). Here, it is apparent from the complaint that Jones is complaining about events that occurred more than 20 years ago.

Furthermore, Jones previously brought suit against Officer Stoner based on these same events. *See Jones v. Stoner, et al.*, No. 1:03cv303 (N.D. Ind. order dated Aug. 19, 2003). His case was dismissed as time-barred, which constitutes an adjudication on the merits. *See Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir. 1996) ("A decision by a federal court that a statute of limitations... bars an action is a decision on the merits for purposes of claim preclusion."). Jones is thus precluded from suing Officer Stoner again based on these same events. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); *Ross v. Bd. of Educ. of Tp. H.S. Dist. 211*, 486 F.3d 279, 282 (7th Cir. 2008). This is true even if Jones changed his theory of recovery, because "a claim is not an argument or a

ground but the events claimed to give rise to a right to a legal remedy." *Bethesda Lutheran Homes & Servs., Inc. v. Born*, 238 F.3d 853, 857 (7th Cir.2001).  As a result, any claims that were or could have been raised in the prior action are barred.  *Highway J Citizens Group v. U.S. Dep't Transp.*, 456 F.3d 734, 741 (7th Cir. 2006). Accordingly, the court declines to authorize Jones to bring this lawsuit under the *in forma pauperis* statute.

CONCLUSION

For the reasons set forth above, the court **DENIES** the *in forma pauperis* petition (DE # 2) and **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

**DATED: April 18, 2012**             /s/ RUDY LOZANO, Judge
                                      **United States District Court**